REQUESTED BY: Dear Senator:
You have raised questions relating to the duties of the county assessors in Nebraska to aid in consideration of legislation. You ask, may a county assessor reassess portions of the county in one year without assessing the entire county? In this connection, you state that some county assessors are taking the position that they may assess parts of the county each year. As an example, a particular economic area might be identified and revalued. Separate economic areas would be assessed over a period of several years. The entire county would eventually be reassessed. However, the values for the areas reassessed would be placed in effect during the year assess while other tracts not assessed in that year would remain at the old value.
Article VIII, Section 1, of the Constitution in part provides:
 "The necessary revenue of the state and its governmental subdivisions shall be raised by taxation in such manner as the Legislature may direct. Taxes shall be levied by valuation uniformly and proportionately upon all tangible property and franchises, . . ." This provision requires that taxes on all property be levied upon a valuation which is uniform. This would, of necessity, require that property within a county assessed by the county assessor be valued uniformly and proportionately with other similar property in the county. We believe that it is appropriate to take notice of the fact that property values by and large are not static.
Certainly, the last few years have seen a large increase in the value of real estate throughout the state. To establish an actual value for a portion of the real estate in one county as of the required date each year would very likely result in nonuniform values for such property comparison with other similar property. If similar property is not valued uniformly in a partial reassessment, the partial assessment would be violation of the provisions of Article VIII, Section 1, of the Constitution.
The duties of the county assessor are spelled out primarily in Chapter 77, article 13. Section 77-1301, R.R.S. 1943, provides:
 "(1) All real property in this state subject to taxation shall be assessed as of January 1 at 12:01 a.m. of each year, which assessment shall be as a basis of valuation for taxation until the next regular assessment.
 "(2) Reappraisals of all lands and improvements shall be made for the entire county in the manner provided in sections 77-1301.01 to 77-1301.04."
In general, these statutes authorize the Tax Commissioner to approve contracts with reappraisal firms for the complete reappraisal of counties. Section 77-1303, R.R.S. 1943, provides in pertinent part:
 "On or before January 1 at 12:01 a.m. of each year the county assessor . . . shall make up . . . a list of the taxable lands and lots in his county. . . Such books . . . shall contain columns in which may be shown the number of acres or and the value thereof, the improvements and the value thereof, the total value, the assessed value, and such other columns as may be required."
Thus, it can be seen that the statutes contemplate an annual assessment of values for real estate within the counties. We find no statute, case, or part of the Constitution which specifies that values shall be updated for portion of a county. All statutes require uniform and proportionate valuation.
In answer to your question, it is our opinion that the statutes require the county assessor to uniformly and proportionately assess property. To the extent that a partial reassessment of county real estate would violate this statutory duty, such a procedure would violate both the statutes governing the assessment function and the constitutional command.
Your next question has been substantially answered by the comments made above. However, you ask, is there a justification for partial assessment? Assuming, but not conceding, that an assessor can show that he is achieving uniform and proportionate valuations by revaluing portions less than the entire county, he would be able to justify such a procedure. We find it very difficult to concede that such a case could be made.
Unless the county was not uniformly and proportionately valued in the most recent complete reevaluation, a partial valuation must of necessity result in nonuniform and nonproportional values. The property revalued and the property **n revalued would not be uniform, thus resulting in a situation where a lack of equalization has occurred. While this is not absolutely true in a increasing or decreasing market, establishing values of similar property at different times most likely will result in different value for the properties.
However, at this point, the burden is cast upon the board of equalization, as well as the individual taxpayers. The values presented to the county board are subject to attack in equalization proceedings by the individual taxpayers. Presuming that taxpayers are able to show a lack of uniformity between their property which has be revalued and other property within the county which has not been revalued, it would be the duty and responsibility of the board of equalization to adjust those values to achieve uniformity and proportionality of values. Thus, while an assessor acting in a manner as you suggest, may be creating situation in which unequal taxation may result, there is a safety valve available by invoking the jurisdiction of the county board of equalization.
In sum, our opinion is that any system which is likely to result in unequal assessment of property is defective. A system of establishing new values annually for only a part of a county is very likely to be defective. Such a system would be likely to err in considering value in relation to parts of the county not revalued.